**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MARK ALEX KINKEAD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. CIV-13-49-R** |
| | ) | |
| **DON SUTMILLER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se and *in forma pauperis*, has brought this action under 42 U.S.C. § 1983, alleging a violation of his rights under the United States Constitution. United States District Judge David L. Russell has referred the matter to the undersigned for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters, as referenced in 28 U.S.C. § 636(b)(1)(B) and (C). Currently before the undersigned is Plaintiff's "Motion Seeking Relief From Delay and Restriction to Access to the Courts." **ECF No. 14**. For the following reasons, it is recommended that the motion—construed as one seeking injunctive relief—be **DENIED.**

## I. BACKGROUND

Plaintiff has amended his complaint, and so the First Amended Complaint, filed on May 9, 2013, is the pleading that governs this action. ECF No. 13. Therein, Plaintiff names Don Sutmiller, M.D., identified as the Chief Medical Officer for the Oklahoma

Department of Corrections (ODOC); Justin Jones, identified as "deputy director" for ODOC; Witt Chainikul, M.D., medical provider at the John Lilley Correctional Center (JLCC); Debbie Eldridge, R.N., identified as the "gatekeeper" at JLCC; Jody Jones, medical administrator, Dick Conner Correctional Center, (DCCC); Philip Langston, medical administrator, JLCC; Tammy Hill, medical administrator, Lexington Assessment and Reception Center (LARC); Dennis Rose, unit seven manager at the Lexington "RTMU,"; Genese McCoy, ODOC medical administrator; and Jim Farris, warden, Lexington Correctional Center (LCC). Plaintiff indicates that all Defendants are sued both individually and in their official capacities. First Amended Complaint, 10.

Plaintiff raises five counts in support of his claim for relief. In the first count, he alleges that "the cumulative effects of Defendants actions and inaction continue to subject Plaintiff to 'cruel and unusual punishment' in violation of the Eighth Amendment made applicable by the Fourteenth amendment." First Amended Complaint, 5. Plaintiff does not single out any particular Defendant so this count is presumed to be against all named Defendants.

Plaintiff's second count is against Defendants Chainikul, Eldridge, Jones and Sutmiller; therein, he alleges a "delay to medical care." First Amended Complaint, 7. He alleges that ODOC delayed in treating the early symptoms of tuberculosis (TB), allegedly resulting in active infectious TB and permanent loss of 50% of lung functioning. First Amended Complaint, 7.

In his third count, against Defendants Jody Jones, Langston and Hill, Plaintiff alleges inadequate or inaccurate medical record keeping. First Amended Complaint, 7. He alleges that there is no record of an earlier positive test for TB, one that occurred before his 2012 positive test. First Amended Complaint, 7. He claims that the delay in gaining access to his medical records interfered with his right of access to the courts. First Amended Complaint, 8.

Plaintiff's fourth count alleges that Defendants Sutmiller, Justin Jones, Jody Jones, Langston, Hill, Rose, McCoy, and Harris restricted his right of access to the courts. First Amended Complaint, 8. He alleges that the only access to law is through a Westlaw research kiosk that is often "dysfunctional." First Amended Complaint, 8. He alleges he has a very limited amount of time to do legal research—six hours a week maximum. First Amended Complaint, 8. He alleges that delay in mail and processing of grievances further exacerbates this problem. *Id.*

In his fifth and final count, Plaintiff alleges that Defendants Sutmiller, Justin Jones, Rose, McCoy, and Farris have repeatedly placed him (a non-smoker) into an environment in which he is exposed to environmental tobacco smoke (ETS). First Amended Complaint, 8. He claims this has increased the likelihood that he will suffer a greater number of problems than those normally associated with active infectious TB. First Amended Complaint, 8. He claims that tobacco smoking is prohibited by both state law and ODOC policy, establishing a tobacco-free standard as part of the "contemporary

standards of decency" governing prison life. First Amended Complaint, 8-9. In the first count of the First Amended Complaint, Plaintiff alleges that "ODOC hides behind a non-enforced policy to deny Plaintiff [a] non-smoking environment." First Amended Complaint, 6.

## II. THE PENDING MOTION

As noted above, Plaintiff has also filed a "Motion Seeking Relief From Delay and Restriction to Access to the Courts." ECF No. 14. Thereby, Plaintiff seeks an order from the Court granting him "greater access to RTMU[1] library and to take whatever steps necessary to insure that Defendant Warden Farris and acting law librarian Ms. Webb provide more responsible constitutionally required access and checks and balances for legal mail." ECF No. 14:2. The undersigned finds that the relief sought by Plaintiff is in the nature of an injunction, and so will apply the standards applicable to preliminary injunctions. Although there has been no response filed on behalf of any of the served Defendants, the motion's certificate of service only indicates that it was mailed to the Court. ECF No. 14:2. However, the undersigned does not find it necessary to call for a response as it is recommended that the motion be denied for Plaintiff's failure to meet the heavy burden necessary to support his request for injunctive relief.

Plaintiff's request is closely related to Count IV of the Plaintiff's First Amended Complaint, which concerns library access and the alleged delay in sending and receiving

---

[1] Plaintiff does not otherwise identify this, but apparently it is the acronym of a medical unit at ODOC's Lexington facility.

mail. *See* First Amended Complaint, 8. He alleges in the motion now before the Court that the law library at the RTMU was without a law librarian for nearly one month, and that the only access to legal authorities is through a Westlaw research kiosk. ECF No. 14:1. At the time he filed his motion he alleged that the kiosk had not been operational for eight weeks. *Id.* Even when the kiosk is operational, he claims that ODOC has limited it and the library's use because his facility is attached to one that houses higher security inmates. *Id.* at 1-2. His only access to legal authorities is through a Westlaw research kiosk that is often "dysfunctional." First Amended Complaint, 8. He alleges he has a very limited amount of time to do legal research—six hours a week maximum—and that delay in mail and in the processing of grievances further exacerbates this problem. *Id.*

To obtain a preliminary injunction under Fed.R.Civ.P. 65, the movant must show (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened harm to the movant outweighs the injury that the proposed injunction may inflict upon the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *Kikumura v. Hurley,* 242 F.3d 950, 955 (10th Cir. 2001); *Chemical Weapons Working Group, Inc. v. United States Dep't of the Army,* 111 F.3d 1485, 1489 (10th Cir .1997); *Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir. 1980).

Having carefully reviewed Plaintiff's motion, the undersigned finds that Plaintiff cannot satisfy the requirements for a preliminary injunction. First, Plaintiff has not

shown a substantial likelihood of success on the merits. Although prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts, *Smith v. Maschner,* 899 F.2d 940, 947 (10th Cir. 1990), the likelihood that Plaintiff could prevail on such claim on the facts he cites could not be characterized as "substantial." Plaintiff has not shown that the limited time in the library or the time that the online research kiosk was not available has resulted in any actual injury. Indeed, Plaintiff has filed a response to the pending motion to dismiss of Defendants Jones, McCoy, and Sutmiller, and that response contains argument supported by legal authority.

"Irreparable injury" has also not been shown. As noted, Plaintiff has filed a response to Defendant's motion to dismiss despite the actions he references in his motion. Even if Plaintiff believes that he may be subjected to such actions in the future, such is not sufficient to establish that he is in danger of irreparable harm. *See Johnson v.. Saffle,* No. 99-6148, 2000 WL 130726, at*2 (10th Cir. Feb. 4, 2000) (affirming the denial of a temporary restraining order "because plaintiff had failed to establish a threat of irreparable harm").

The third factor also tips against granting an injunction. In *Turner v. Safley,* 482 U.S. 78 (1987). the Supreme Court cautioned against judicial interference with the daily administration of prisons:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of

> the legislative and executive branches of government. Prison
> administration is, moreover, a task that has been committed
> to the responsibility of those branches, and separation of
> powers concerns counsel a policy of judicial restraint.

*Turner*, 482 U.S. at 84-85. In this case, Plaintiff has presented a claim involving these facts, and the prison administration should have the first opportunity to respond to them. Although Plaintiff's allegations, if shown, raise issues that Defendants and the Court must take seriously, the prison is in the best position at this point to make decisions regarding the use of limited resources.

In sum, the undersigned finds that Plaintiff has failed to meet his heightened burden to establish an entitlement to injunctive relief. Accordingly, it is recommended that Plaintiff's Motion Seeking Relief From Delay and Restriction to Access to the Courts be **DENIED.**

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Plaintiff's Motion Seeking Relief From Delay and Restriction to Access to the Courts, **ECF No. 14**, be **DENIED.** Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **February 24, 2014**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri,* 595 F.3d 1120, 1123 (10th Cir. 2010).

**STATUS OF THE REFERRAL**

This Report and Recommendation **DOES NOT dispose of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on February 6, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE