IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ALEX KINKEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CIV-13-49-R |
| ) | |
| DON SUTMILLER, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se and *in forma pauperis*, has brought this action under 42 U.S.C. § 1983, alleging a violation of his rights under the United States Constitution. United States District Judge David L. Russell has referred the matter to the undersigned for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters, as referenced in 28 U.S.C. § 636(b)(1)(B) and (C). Currently before the undersigned are Plaintiff's "Motion for Default Judgment Puruant [sic] to FRCP Rule 55," **ECF No. 24**, and "Motion for Summary Judgment Pursuant to FRCP Rule 56," **ECF No. 25**. For the following reasons, it is recommended that the motions be **DENIED**.

## I. BACKGROUND

Plaintiff has amended his complaint, and so the First Amended Complaint, filed on May 9, 2013, is the pleading that governs this action. ECF No. 13. Therein, Plaintiff names Don Sutmiller, M.D., identified as the Chief Medical Officer for the

Oklahoma Department of Corrections (ODOC); Justin Jones, identified as "deputy director" for ODOC; Witt Chainikul, M.D., medical provider at the John Lilley Correctional Center (JLCC); Debbie Eldridge, R.N., identified as the "gatekeeper" at JLCC; Jody Jones, medical administrator, Dick Conner Correctional Center, (DCCC); Philip Langston, medical administrator, JLCC; Tammy Hill, medical administrator, Lexington Assessment and Reception Center (LARC); Dennis Rose, unit seven manager at the Lexington "RTMU,"; Genese McCoy, ODOC medical administrator; and Jim Farris, warden, Lexington Correctional Center (LCC). Plaintiff indicates that all Defendants are sued both individually and in their official capacities. First Amended Complaint, 10.

## II. THE PENDING MOTIONS

In his "Motion for Default Judgment Puruant [sic] to FRCP Rule 55," Plaintiff alleges that Defendant Sutmiller was served a summons on July 3, 2013, and that his counsel entered an appearance in the case on July 15, 2013. He claims that as of July 26, 2013, Defendant Sutmiller had not filed an answer or a motion under Fed.R.Civ.P. 12 within the twenty-one day time period set forth in the summons; therefore, Plaintiff requests that a default judgment against Defendant Sutmiller be granted. ECF No. 24:1-2. Similarly, Plaintiff moves for summary judgment against Defendant Sutmiller, citing his alleged failure to timely plead to the complaint. ECF No. 25.

The Court notes that on August 20, 2013, counsel for Defendants Sutmiller, Jones, and McCoy filed a motion requesting the Court to grant an extension of thirty (30) days from August 27, 2013, until September 26, 2013, to file the Special Report and respond to Plaintiff's Complaint. In support of their request, Defendants stated:

> 1. On May 22, 2013, the Court issued an Order Requiring a Special Report [Doc. 15] directing the Oklahoma Department of Corrections ("ODOC") and Lexington Correctional Center to prepare a Special Report and Defendants to respond to Plaintiff's Complaint within sixty (60) days of the date of service upon Defendants.
>
> 2. Defendants' Answer and the Special Report are presently due to be filed and served by August 27, 2013.
>
> 3. Undersigned counsel was notified by representatives of ODOC that the Special Report would not be finalized and to the undersigned counsel prior to August 27, 2013; as such counsel will not be able to conduct the appropriate and necessary analysis of the numerous facts and legal issues presented in order to properly prepare a summary judgment motion on behalf of Defendants.

ECF No. 26. On August 21, 2013, the undersigned granted the requested extension. ECF No. 27.

When a defendant fails to "plead or otherwise defend," and that failure is shown by affidavit or otherwise, default must be entered by the clerk of the court. Fed.R.Civ.P. 55(a). Thereafter, the prevailing party may ask the Court to enter default judgment. *See* Fed.R.Civ.P. 55(b)(2). Without an entry of default, the Court cannot grant judgment. *See Garrett v. Seymour,* No. 06–7029, 217 Fed. Appx. 835, 838 (10th Cir. Feb. 23, 2007) (the clerk's entry of default is a prerequisite for the

entry of a default judgment). No default has been entered by the Clerk of Court in this case against any Defendant. Moreover, it appears that the Court Clerk lacks any grounds to do so. Defendant Sutmiller joined in a motion to dismiss/motion for summary judgment filed on September 26, 2013, and so responded to Plaintiff's complaint within the time set forth in the order granting an extension of time. Accordingly, it is recommended that the motion for default judgment, **ECF No. 24,** be **DENIED.**

For the same reason, and because Plaintiff has failed to file a proper motion under Fed.R.Civ.P. 56 and Local Civil Rule 56.1(b), it is recommended that Plaintiff's motion for summary judgment, **ECF No. 25,** be **DENIED**.

### RECOMMENDATION

In light of the foregoing, it is recommended that Plaintiff's "Motion for Default Judgment Puruant [sic] to FRCP Rule 55," **ECF No. 24**, and Plaintiff's Motion for Summary Judgment Pursuant to FRCP 56, **ECF No. 25**, be **DENIED.** Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **February 24, 2014**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri,* 595 F.3d 1120, 1123 (10th Cir. 2010).

**STATUS OF THE REFERRAL**

This Report and Recommendation **DOES NOT dispose of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on February 6, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE