IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ALEX KINKEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-49-R |
| ) | |
| DON SUTMILLER, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Shon T. Erwin entered August 14, 2014. Doc. No. 84. Plaintiff has filed Objections to the Magistrate Judge's conclusions in the Report and Recommendation. Doc. No. 87. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's objections.

Plaintiff, a state prisoner, brings an action under 42 U.S.C. § 1983. Defendants Justin Jones, the former Oklahoma Department of Corrections ("ODOC") Director,[1] Genese McCoy, a Medical Administrator,[2] and Don Sutmiller, the ODOC Chief Medical Officer,[3] move for summary judgment. They argue that they are immune from a suit for monetary relief under the Eleventh Amendment and that Plaintiff has failed to show that they personally participated in a violation of his constitutional rights.

---

[1] First Am. Compl. 2. Robert Patton, the new ODOC Director, http://www.ok.gov/doc/About_Us/Director's_Office/index.html (accessed September 23, 2014), is substituted for Defendant Justin Jones per FED. R. CIV. P. 25(d) for any of Plaintiff's official capacity claims.
[2] First Am. Compl. 3.
[3] *Id.* at 1.

## Eleventh Amendment

Plaintiff argues that he is entitled to prospective injunctive relief against Jones, McCoy, and Sutmiller in their official capacities. *See Quern v. Jordan*, 440 U.S. 332, 337 (1979) ("[A] federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law, even though such an injunction may have an ancillary effect on the state treasury." (citations omitted)). Dismissing the official capacity claims against Jones, McCoy, and Sutmiller, however, does not preclude Plaintiff from recovering prospective injunctive relief against the State of Oklahoma. He may seek such relief, if appropriate, from one of the remaining defendants in this case. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (citations omitted)). Accordingly, Plaintiff's claims against Jones, McCoy, and Sutmiller in their official capacities are dismissed.

## Personal Participation

To succeed on a § 1983 claim, Plaintiff must allege and prove that Defendants personally participated in the constitutional violation. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Plaintiff alleges five causes of action in his complaint. First, he states that "the cumulative effects of Defendants['] negligent actions and inaction continue to subject [him] to 'cruel and unusual punishment' in violation of the Eighth Amendment made applicable by the Fourteenth [A]mendment." First Am. Compl. 5. His second count alleges delay in medical care, resulting in him contracting active

tuberculosis ("TB") and losing 50% of his lung capacity. *Id* at 7. Count Five states that Defendants placed Plaintiff, a non-smoker, into an environment wherein he was repeatedly exposed to secondhand tobacco smoke, which exacerbated his TB symptoms. *Id.* at 8.

The Court interprets Counts Two and Five as claims of cruel and unusual punishment, as generally alleged in Count One. To establish such a claim, Plaintiff must demonstrate that Defendants acted with deliberate indifference to his constitutional rights. *See Dodds v. Richardson*, 614 F.3d 1185, 1205 (10th Cir. 2010). This requires showing that Defendants knew he faced "a substantial risk of serious harm and disregarde[d] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

In Count Four, Plaintiff alleges that Jones, McCoy, and Sutmiller restricted his access to the courts by limiting his time on the prison's Westlaw research kiosk. *Id.* at 8. To establish a violation of this right, Plaintiff must demonstrate that Defendants "affirmatively hinder[ed]" his efforts, or imposed a "deliberate impediment" to his access. *Green v. Johnson*, 977 F.2d 1383, 1389 (10th Cir. 1992).[4]

### A. Justin Jones

Plaintiff alleges that Jones participated in the delay of his medical care, his exposure to secondhand smoke, and his restricted access to the courts. First Am. Compl. 7-8. He argues that Jones' "malfeasance and irresponsibly negligent behavior allowed

---

[4] Plaintiff's Third Count of inadequate or inaccurate recordkeeping is not relevant to the motion under review because he does not bring this Count against Jones, McCoy, or Sutmiller. First Am. Compl. 7.

persons under his watch to ignore CDC policy, State law and required ODOC policy." Pl.['s] Objections to Magistrate's Report and Recommendation 13. Plaintiff also alleges that Jones mismanaged ODOC funds and did not provide facilities with sufficient personnel or funding. First Am. Compl. 2. But the Court may not hold Jones liable under § 1983 for "mere negligence." *Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151-52 (10th Cir. 2006). Plaintiff does not allege how Jones deliberately contributed to a delay in his medical care, exposed him to secondhand smoke, or restricted his access to the courts. Accordingly, all claims against Justin Jones in his personal capacity are dismissed.

### B. Genese McCoy

Plaintiff alleges that McCoy permitted him to be exposed to secondhand smoke and restricted his access to the courts. First Am. Compl. 8-9. He argues that McCoy denied his emergency grievance in which he complained of smoke exposure and placed him on a grievance restriction for labeling it an "Emergency." Pl.'s Reply to Defs.' Mot. Dismiss and Mot. Summ. J. Ex. G; Defs.' Mot. Dismiss/Mot. Summ. J. Ex. 2; S.R. Ex. 28, Doc. No. 28, Attach. 2-b; Pl.['s] Objections to Magistrate's Report and Recommendation 13.

But Plaintiff must prove more than simply the denial of a grievance to satisfy the personal participation requirement. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("]A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." (citations omitted)); *Walters v. Corr. Corp. of Am.*, 119 F. App'x 190, 191 (10th Cir. 2004) (unpublished op.) ("When the claim underlying the administrative grievance

4

involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991))). Furthermore, placing a complainant on a grievance restriction is no more evidence of deliberate indifference of Plaintiff's rights than the initial denial of the grievance. Because Plaintiff does not allege how McCoy deliberately exposed him to secondhand smoke or restricted his access to the courts, his claims against McCoy in her personal capacity also fail.

### C. Don Sutmiller

Plaintiff alleges that Sutmiller participated in delaying his medical care, exposing him to secondhand smoke, and restricting his access to the courts. First Am. Compl. 7-8. First, Plaintiff fails to allege how Sutmiller participated in a delay of Plaintiff's medical care. He points to the Tenth Circuit's rule that a plaintiff can succeed in a § 1983 action "against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Richardson*, 614 F.3d at 1199-1200 (footnote and citation omitted). Attempting to apply this rule, Plaintiff alleges that Sutmiller hires ODOC physicians, is responsible for ensuring compliance with the Tuberculosis Control Program, and is also responsible for all tuberculosis-related policy. Pl.['s] Objections to Magistrate's Report and Recommendation 9-10. Although Plaintiff may have demonstrated that Sutmiller

"possessed responsibility for the continued operation of [the tuberculosis] policy," he did not produce evidence that Sutmiller acted with the required state of mind, namely, deliberate indifference.

Plaintiff further argues in support of his claim that Sutmiller delayed proper medical treatment that he did not prescribe "an x-ray, blood sample, sputum sample or proper medication" after Plaintiff tested posted for TB. *Id.* at 10. Even assuming this suggests that Sutmiller knew of and disregarded a "substantial risk of serious harm" by not prescribing, nor directing a subordinate physician to prescribe the above, Plaintiff does not allege that failing to do so caused him any injury.[5] Because he did not demonstrate that Sutmiller acted with deliberate indifference to Plaintiff's medical care, the delay of medical care claim against Sutmiller is dismissed.

Second, Plaintiff has failed to show how Sutmiller personally participated in exposing him to secondhand smoke. Although Plaintiff addressed an emergency grievance to Sutmiller in which he complained of such exposure, Pl.'s Reply to Defs.' Mot. Dismiss and Mot. Summ. J. Ex. G, there is no evidence that Sutmiller saw this grievance. Rather, McCoy was the administrator who responded to this grievance. Defs.' Mot. Dismiss/Mot. Summ. J. Ex. 2. Plaintiff further argues that Sutmiller is responsible for "implementing all policies related to ODOC medical care… [including] all special conditions related to [Plaintiff's] post tB treatment." First Am. Compl. 1. But such an allegation is too vague to infer deliberate indifference on the part of Sutmiller.

---

[5] Plaintiff says as much in his response to Defendants' motion for summary judgment: "Plaintiff has never complained by § 1983 complaint or otherwise, that after he was diagnosed positive with active infectious tuberculosis, that he was not treated respectfully, and as best as he could understand from the governing law and policy, accordingly treated." Pl.'s Reply to Defs.' Mot. Dismiss and Mot. Summ. J. 14.

Plaintiff then argues that Sutmiller told him around July 1, 2012 that he would be Plaintiff's medical provider for the remainder of his treatment, First Am. Compl. 1-2, and that he met personally with Sutmiller on two occasions to address his concern about exposure to secondhand smoke, Pl.'s Reply to Defs.' Mot. Dismiss and Mot. Summ. J. 7. Such allegations do not prove that Sutmiller deliberately placed Plaintiff in an environment that exacerbated his TB. He has not alleged that Sutmiller was responsible for enforcing the no-smoking policy, nor has he alleged that Sutmiller had the authority to transfer Plaintiff to a facility with less secondhand smoke. *Cf. Arocho v. Nafziger*, 367 F. App'x 942, 955 (10th Cir. 2010) (unpublished op.) ("We do not mean to rule out the possibility of liability where the officer denying a grievance has an independent responsibility for the wrong in question and the grievance provides the necessary notice of the wrong or the effective means to correct it. But, as explained below, the complaint fails to allege grounds on which [the defendant Warden] could be held responsible for the medical decisions involved here.").

Finally, Plaintiff did not allege any facts suggesting that Sutmiller hindered his ability to gain access to the courts. Therefore, all of Plaintiff's claims against Sutmiller in his personal capacity are dismissed.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED, as supplemented herein, and Defendants' Motion for Summary Judgment [Doc. No. 29] is GRANTED.

IT IS SO ORDERED this 24th day of September, 2014.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE