IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARK ALEX KINKEAD,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　)　　Case No. CIV-13-49-R
　　　　　　　　　　　　　　　　　　)
DON SUTMILLER, et al.,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　　)

## REPORT AND RECOMMENDATION

Currently before the Court is Plaintiff's "Motion Seeking Prospective Relief From Arbitrary Removal Of Psychotropic Medication Without Due Process And/Or Just Cause," a motion filed very shortly before Plaintiff's release from Lexington Correctional Center and ODOC custody. **See** **ECF No. 93** (Plaintiff received emergency release from incarceration on November 10, 2014). For the following reasons, it is recommended that the motion be denied.

Plaintiff's motion pertains to the discontinuation of a long-term psychotropic antidepressant he had been receiving. ECF No. 91. By the time a response to the motion was due, Plaintiff had been released, prompting Defendant to argue that any claims seeking declaratory or injunctive relief related to discontinuation of the medication were moot. ECF No. 95:2.

The undersigned agrees and finds Plaintiff's claims for declaratory or injunctive relief related to the discontinuation of the psychotropic antidepressant prescription medication to be moot. *See Green v. Branson,* 108 F.3d 1296, 1300 (10th Cir.1997)

(holding that claims for injunctive and declaratory relief are moot where the prisoner has been transferred and is no longer subject to the conditions of confinement on which his claims are based).

As stated in *Green*, "[s]ince he is no longer a prisoner within the control of the [Oklahoma Department of Corrections], the entry of a declaratory judgment in [Plaintiff's] favor would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him." *Green*, 108 F.3d at 1300 (10th Cir. 1997). Plaintiff already alleges inadequate medical care under the Eighth Amendment, and seeks damages. ECF No. 13:15. Here, a declaration that Plaintiff's prescription should not have been discontinued on this occasion will not affect the Defendants' behavior toward Plaintiff. Under these standards, it is recommended that **ECF No. 91 be DENIED.**

## RECOMMENDATION

In light of the foregoing discussion, it is hereby recommended that **ECF No. 91 be DENIED as moot.** Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **January 26, 2014.** Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **DOES NOT** disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** on January 8, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE