# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MARK ALEX KINKEAD,            )
                              )
    Plaintiff,             )
                              )
                              )    Case No. CIV-13-49-R
                              )
                              )
DON SUTMILLER, et al.,        )
                              )
    Defendants.            )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se and *in forma pauperis*, has brought this action under 42 U.S.C. § 1983, alleging a violation of his rights under the United States Constitution. United States District Judge David L. Russell has referred the matter to the undersigned for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters, as referenced in 28 U.S.C. § 636(b)(1)(B) and (C). Currently before the Court are Motions to Dismiss/Motions for Summary Judgment filed by Defendants Jim Farris and Tammy Hill (ECF No. 52), Defendant Dennis Rose[1] (ECF No. 71) and Defendant Jody Jones (ECF No. 78). Also before the Court is Plaintiff's Motion for Summary Judgment (ECF No. 80). For the reasons set forth below, the undersigned recommends that the Motions to

---

[1] The undersigned notes that by Order entered February 6, 2014 (ECF No. 46) it was determined that Mr. Greg Prock has assumed the position formerly held by Defendant Rose, and the Clerk of Court was directed to substitute "Greg Prock" for Plaintiff's official-capacity claim against Defendant Dennis Rose in accordance with Fed. R. Civ. P. 25(d). Although Defendant's motion (ECF No. 71) is purportedly made on behalf of Dennis Rose, the findings and recommendation herein shall also apply to the unserved Defendant Greg Prock.

Dismiss/Motions for Summary Judgment filed on behalf of various Defendants be **GRANTED** and that Plaintiff's Motion for Summary Judgment be **DENIED**.

I. **BACKGROUND**

Plaintiff filed this action on January 11, 2013 raising numerous counts in support of his claim for relief including Eighth Amendment claims based on an alleged delay of medical care, inadequate record keeping and exposure to second-hand smoke, as well as a claim based on his contention that certain Defendants restricted his access to the courts. (ECF No. 13:7-10). Plaintiff originally named ten Defendants. (ECF No. 13:1-3). However, several of those Defendants have already been dismissed from this lawsuit. (ECF No. 84, ECF No. 90) The remaining named Defendants are Witt Chainikul, identified as a medical provider at John Lilley Correctional Center ("JLCC"); Debbie Eldridge, a registered nurse at JLCC; Judy Jones, Medical Administrator at Dick Conner Correctional Center ("DCCC"); Philip Langston, Medical Administrator at JLCC; Tammy Hill, Medical Administrator at Lexington Assessment and Reception Center ("LARC"); Dennis Rose, Unit 7 Manager at Lexington Regional Treatment Center ("LRTC"); and Warden Jim Farris, Lexington Correctional Center.

The undersigned notes Plaintiff also has related state court litigation pending in two different cases currently on appeal to the Oklahoma Court of Appeals. Specifically, Plaintiff filed a lawsuit on July 8, 2012 against the Oklahoma Department

of Corrections, *et. al.* Case No. CV-12-1486, Oklahoma County District Court.[2] According to multiple requests to staff Plaintiff submitted while incarcerated at DCCC, the issues raised in this state court lawsuit are directly related to his claims pertaining to his medical care, medical records and exposure to second-hand smoke. (ECF No. 34-14:1-10). The state district court dismissed the lawsuit based on Plaintiff's failure to exhaust his administrative remedies. (ECF No. 58-1:1-2).

Additionally, Plaintiff filed another lawsuit on April 16, 2013 against the Oklahoma Department of Corrections and included Governor Mary Fallin as a Defendant. Case No. CV-13-807, Oklahoma County District Court. (ECF No. 58-3:1).[3] The state district court also dismissed that lawsuit based upon, among other things, failure to exhaust his administrative remedies. (ECF No. 58-3:1-3). In so dismissing, the state court noted that Plaintiff has filed four separate lawsuits, including the current case as well as CV-12-1486 discussed above, that are based upon "the same or similar claims." (ECF No. 58-3:2).

Defendants have moved for summary judgment based upon seven different grounds. However, because the undersigned finds Defendants' fourth ground in support of their motions for summary judgment to be dispositive, the discussion below will be limited to the issue of exhaustion of administrative remedies.

---

[2] Oklahoma State Courts Network, Case No. CV-2012-1486, Oklahoma County District Court, http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=cv-12-1486 (accessed Feb. 23, 2015).

[3] Oklahoma State Courts Network, Case No. CV-2013-807, Oklahoma County District Court, http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=cv-13-807 (accessed Feb. 23, 2015).

## II. STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Summary judgment shall be granted where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. *Calhoun v. Gaines*, 982 F.2d 1470, 1472 (10th Cir. 1992); *Manders v. Oklahoma*, 875 F.2d 263, 264 (10th Cir. 1989). A dispute is "genuine," when viewed in this light, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are "facts that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. After the movant has fulfilled his initial burden of showing an absence of a genuine issue of material fact and entitlement to judgment as a matter of law, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact. *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). The nonmoving party "may not rest upon mere allegations" in his pleading to satisfy this requirement. *Anderson*, 477 U.S. at 256. Rather, Federal Rule of Civil Procedure 56 "requires the nonmoving party to go beyond the pleadings and by … affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate '"specific facts showing that there is a genuine issue for trial."' *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56).

When a defendant asserts an affirmative defense—such as the failure to exhaust administrative remedies—in a motion for summary judgment, he or she "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact. If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Id.*

Because the undersigned has relied on the documents attached to the court-ordered Special Report in determining the disposition of Plaintiff's claims, Defendants' motions regarding such claims are treated as motions for summary judgment. *See* Fed. R. Civ. P. 12 (d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

### III. Defendants' Motions for Summary Judgment

#### A. The Exhaustion Requirement

The Prison Litigation Reform Act of 1995 (PLRA) requires a prisoner to exhaust all available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

5

until such administrative remedies as are available are exhausted." *Id.* "[E]xhaustion is mandatory under the PLRA and ... unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2007).

A prisoner, such as Plaintiff, successfully exhausts administrative remedies by completing the administrative review process established by the prison grievance procedure. *Id.* at 218. The exhaustion must occur prior to the prisoner bringing a lawsuit on his claims. *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Id.* "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Okla. State Penitentiary,* 511 F.3d 1109, 1112 (10th Cir. 2007).

### B. ODOC Grievance Process

In determining whether administrative remedies have been exhausted, the Court must look to the grievance process at the institution to which the inmate is confined. Though Plaintiff was confined in numerous correctional facilities during the time period relevant to his allegations, each facility was an Oklahoma Department of Corrections (ODOC) facility. Therefore, the relevant grievance process is set forth in the Offender Grievance Process, OP-090124. (ECF No. 52-1:1-19).

The ODOC grievance policy first requires an initial, informal attempt to resolve the issue followed by a two-part formal attempt; grievable issues include actions

related to medical care. (ECF No. 52-1:6-7). Attempting an informal resolution starts by speaking with the "appropriate staff within three days of the incident." (ECF No. 52-1:6). Next, the offender must file a request to staff within seven calendar days of the alleged incident. *Id*. "A 'Request to Staff' may not be submitted about matters that are in the course of litigation …." (ECF No. 52-1:7).

After receiving a response to the request to staff, the inmate may file a formal grievance to the facility head within 15 days after filing the request to staff, or receiving the facility's response, whichever is later. (ECF No. 52-1:7-9). Upon receiving the grievance response from the reviewing authority, the inmate may appeal to the administrative review authority asserting either newly discovered evidence or probable error committed by the reviewing authority. (ECF No. 52-1:11). The final ruling of the administrative review authority will satisfy the grievance process and the inmate will have exhausted available administrative remedies. (ECF No. 52-1:13). *See also Thomas v. Parker,* 609 F.3d 1114, 1117 (10th Cir. 2010) ("The ODOC grievance process has a requirement of informal consultation with staff, then three written steps: a Request to Staff form, a formal grievance, and an appeal to the administrative review authority.").

### C. Plaintiff's Efforts to Exhaust

Based upon the record before the Court, it is clear Plaintiff failed to exhaust his administrative remedies prior to filing the present lawsuit. As noted, Plaintiff initiated this lawsuit on January 11, 2013. Plaintiff submitted requests to staff and

grievances, which were either directly or loosely related to the claims he asserted herein, on January 24, 2013, January 31, 2013, February 11, 2013, February 19, 2013, February 28, 2013, March 8, 2013, March 13, 2013, March 18, 2013 and March 27, 2013. (ECF No. 28-2:4; ECF No. 33-6:1-3, 6-7; ECF No. 33-9:1-4, 8-12; ECF No. 34-6:1-3; ECF No. 34-7:1-2; ECF No. 34-10:1-3). Even the few requests to staff and grievances Plaintiff submitted prior to the filing of the present lawsuit were generally filed after he had already initiated state court litigation on the same or similar claims. (ECF No. 28-2:14, 33-8:1-5, 7, 9-10; ECF No. 34-14:1-10, ECF No. 52-1:7 ("A 'Request to Staff' may not be submitted about matters that are in the course of litigation ….")). Plaintiff even referred to his various pending litigation on many of the forms he submitted. (ECF No. 33-8:9-10; ECF No. 34-14:1-10).

In response to Defendants' dispositive motions, Plaintiff argues that he should not be required to exhaust his administrative remedies because there is no adequate remedy available to him through the administrative process. (ECF No. 62:7). However, the Supreme Court has been very clear that exhaustion under the PLRA is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Id.* "[W]e stress the point ... that we will not read futility or other exceptions into [the PLRA's] statutory exhaustion requirement." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "In *Booth*, the Supreme Court explained that one of the purposes of the exhaustion requirement is to force an

8

inmate to go through the administrative process which in turn might afford prison officials the opportunity to take some corrective action that would preclude litigation." *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 (10th Cir. 2003).

In light of the undisputed facts, it is clear Plaintiff did not exhaust his administrative remedies with regard to his federal claims as required by 42 U.S.C. § 1997e(a). Though he has filed multiple lawsuits related to the claims he asserted in this case, his failure to exhaust administrative remedies prior to doing so is fatal to federal judicial review of his claims. *Id.* Accordingly, the undersigned recommends Defendants' Motions for Summary Judgment be granted and Plaintiff's Motion for Summary Judgment be denied.

### IV. Remaining Defendants Dismissed on Screening

To date, Plaintiff has not served Defendants Chainikul, Eldridge and Langston. Though Plaintiff was recently released from confinement (ECF No. 93), because he filed this lawsuit while he was incarcerated, the PLRA's exhaustion requirement applies to his claims against all Defendants. *Watson v. Evans*, No. 13-CV-3035-EFM, 2014 WL 7246800, at *4 (D. Kan. December 17, 2014) ("An inmate is required to comply with the [administrative remedy process] even if the inmate is released during pendency of the litigation. The Tenth Circuit has held that the time frame for determining whether a plaintiff is required to exhaust his administrative remedies under the PLRA is whether the plaintiff was incarcerated at the time he filed suit."

(citing *Norton v. City of Marietta*, 432 F.3d 1145, 1150 (10th Cir. 2005)). For the same reasons as set forth above, Plaintiff's claims against the remaining Defendants should be dismissed on screening for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii) (pertaining to actions brought in forma pauperis).

**RECOMMENDATION**

After careful consideration of the issues in this case, it is recommended that Defendants' dispositive motions **(ECF Nos. 52, 71 and 78)** be **GRANTED**. It is further recommended that Plaintiff's Motion for Summary Judgment **(ECF No. 80)** be **DENIED**. Finally, it is recommended that the claims against Defendants Chainikul, Eldridge and Langston be **DISMISSED ON SCREENING** based on Plaintiff's failure to state a claim against them upon which relief can be granted.

**NOTICE OF RIGHT TO OBJECT**

Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **March 16, 2015**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on February 25, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE